**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEWAY MENGISTU,

               Plaintiff - Appellant,

   v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

               Defendant - Appellee.

No. 11-56202

D.C. No. 2:10-cv-05227-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, Presiding[**]

Submitted May 17, 2013[***]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

    Neway Mengistu appeals pro se from the district court's judgment affirming

the Commissioner of Social Security's denial of his applications for Social

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge.

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Security disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's judgment upholding the denial of social security benefits, *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010), and we reverse and remand.

Mengistu asserts that additional evidence he submitted to the Appeals Council would have changed the outcome of the disability determination. Although we do not have jurisdiction to review the Appeals Council's denial of further review, we may consider additional evidence presented for the first time to the Appeals Council when reviewing the agency's disability determination. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231-32 (9th Cir. 2011).

The district court erred in concluding that a remand was not warranted because the new evidence, Dr. Gurevitch's September 1, 2009, report, relates to the relevant time period and there is a reasonable possibility the report would have changed the Administrative Law Judge's ("ALJ") decision. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (to warrant a remand, appellant must show "reasonable possibility" that new evidence would have changed outcome of administrative hearing). Therefore, we reverse the district court's decision affirming the Commissioner's decision and remand with instructions to remand to

the ALJ for consideration of Dr. Gurevitch's report and for reconsideration of Mengistu's application for benefits.

In light of this disposition, we do not reach Mengistu's other arguments.

**REVERSED AND REMANDED.**